UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELVIN D. SPELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03806-SEB-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Melvin D. Spells. For the reasons explained in this Order, the motion is **dismissed** with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

Mr. Spells' § 2255 motion is subject to preliminary review to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4 of *Rules Governing Section 2255 Proceedings in the United States District Courts*. Because the Court finds that Mr. Spells is not entitled to relief, the Court must dismiss the motion. *Id.*

### I. Factual Background

On September 26, 2006, Mr. Spells was convicted by a jury of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a), brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Spells*, No. 1:06-cr-00075-SEB-DKL-1 ("Crim. Dkt."), Dkt. 1. On January 22, 2007, he was sentenced under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to a term of 324 months to be followed by a 5-year term of supervised release. The three predicate violent felonies giving rise to Mr. Spells' status under the Armed Career Criminal Act were resisting law enforcement in Marion County, Indiana and two counts of robbery in Marion County, Indiana. *See Spells v. United States*, No. 1:16-cv-00610-SEB-MJD ("§ 2255 Dkt."), Dkt. 23.

On June 26, 2015, the Supreme Court held the residual clause of the ACCA was unconstitutional. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Subsequently, the Supreme Court held that *Johnson* announced a new substantive rule of constitutional that the Supreme Court has categorically made retroactive to ACCA defendants. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On March 17, 2016, Mr. Spells filed a § 2255 motion arguing that he was entitled to relief under *Johnson*. On November 21, 2017, Mr. Spells and the Government entered into a stipulation where the parties agreed that Mr. Spells' prior resisting law enforcement conviction relied upon the ACCA residual clause for classification as a violent felony. Thus, the parties agreed that Mr. Spells was no longer an armed career criminal in view of *Johnson*. The parties stipulated to "a sentence of 150 months on Count 1, and 120 months on Count 3, concurrent; and 84 months on Count 2, consecutive; to be followed by a three-year term of supervised release is sufficient, but not greater than necessary in this matter." § 2255 Dkt. 23 at 2. The Court granted Mr. Spells' § 2255 motion, § 2255 Dkt. 24, and resentenced Mr. Spells on December 5, 2017, in line with the stipulation. Crim. Dkt. 12.

On December 4, 2018, Mr. Spells filed the pending § 2255 motion.

## II. Discussion

Mr. Spells seeks relief pursuant to § 2255 arguing that: (1) Hobbs Act Robbery is not a crime of violence and cannot serve as a predicate offense for a 924(c) conviction or a career offender classification; (2) the Court failed to use the Guidelines Manual in effect on his re-sentencing date such that his sentence was improperly enhanced by a career offender designation; and (3) his post-conviction counsel, Sara Varner, provided ineffective assistance of counsel. Dkt. 1.

First, the Seventh Circuit has held that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."), *vacated on other grounds*, *Anglin v. United States*, 138 S. Ct. 126 (2017); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)).

Second, Mr. Spells was resentenced to the exact sentence he agreed to in a stipulation with the Government. Thus, it is irrelevant which Guidelines Manual was used as the Court resentenced Mr. Spells to the stipulated sentence he asked for. In any event, the Seventh Circuit has held that a defendant cannot raise a sentencing guideline miscalculation error in a collateral attack. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). This is because a guideline miscalculation or misapplication does not constitute a miscarriage of justice. *See also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the

district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Third, Mr. Spells' claim regarding his post-conviction counsel is rejected because "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). It is well-settled that where there is no constitutional right to counsel, he cannot "be deprived of the effective assistance of counsel." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).

Because Mr. Spells is not entitled to relief on any of his claims, his § 2255 motion must be summarily **dismissed** pursuant to Rule 4 of the *Rules Governing Section 2255 Cases in the United States District Courts.*

### III. CONCLUSION

For the reasons explained in this Order, Mr. Spells is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:06-cr-00075-SEB-DKL-1.** The motion to vacate (Crim. Dkt. 21) shall also be **terminated** in the underlying criminal action.

### IV. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Spells has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or

wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/10/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MELVIN D. SPELLS
08125-028
POLLOCK - USP
POLLOCK U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2099
POLLOCK, LA 71467